UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHARLES IVAN KING,<br><br>　　　　　　Plaintiff,<br>　　v.<br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; CALIFORNIA STATE UNIVERSITY; CALIFORNIA MARITIME ACADEMY; JIM BURNS; PETER JACKSON; PAUL NEUMANN; JAMES DALSKE; MARTINA FOWLER, and DOES 1-50,<br><br>　　　　　　Defendants. | No. C 14-5020 LB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>[Re: ECF No. 7] |

## INTRODUCTION

On November 13, 2014, Plaintiff Charles Ivan King filed a complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 3.)[1] Plaintiff consented to the undersigned's jurisdiction on December 1, 2014. (ECF No. 5.) On December 22, 2014, the court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed his complaint without prejudice for failure to state a claim that is plausible on its face. (Order, ECF No. 6.) The court gave Plaintiff leave to file an amended complaint with instructions to "identify specific acts and say why (in his view) they amount to

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER DISMISSING 1ST AM. COMPL. 14-5020 LB

constitutional violations." (*Id.* at 2.) Plaintiff filed his first amended complaint ("FAC") on January 21, 2015. (ECF No. 7.) For the reasons stated below, the court dismisses his first amended complaint without prejudice.

## ANALYSIS

### I.  *SUA SPONTE* SCREENING — 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)). As the United States Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"Frivolousness" within the meaning of the *in forma pauperis* standard of 28 U.S.C. § 1915 and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" where it lacks an arguable basis either in law or in fact. *Id*. at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A]

person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

## II. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM

Plaintiff alleges four different causes of action falling into two categories: (1) violations of Title VI; and (2) contract violations. (FAC, ECF No. 7 at 9-14.) The court will address these in turn.

### A. Plaintiff Fails to State a Claim Under Title VI

Plaintiff's first cause of action alleges that the defendant California Maritime Academy withheld his student loans in violation of Title VI of the Civil Rights Act of 1964. (FAC, ECF No. 7 at 9.) To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). "Unlike claims under the Equal Protection Clause which must plead intentional discrimination, Title VI claims need only allege that the defendant is engaging in discrimination, although a showing of intent is necessary at trial." *Aguirre v. San Leandro Police Dept.*, No. 10-04364 CW, 2011 WL 738292 at *3 (N.D. Cal. Feb. 22, 2011) (citing *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998)).

Plaintiff comes closest to stating a claim under Title VI when he says,

> Regarding Title VI, Plaintiff is a member of a protected class eligible for and made application to receive financial aid while a graduate student. Despite Plaintiff's eligibility, such aid was denied, delayed or otherwise not disbursed in a timely manner, and Defendant continued to administer financial aid to other students while denying Plaintiff the same aid.

(FAC, ECF No. 7 at 9.) However, the complaint fails to allege any facts that indicate that the Plaintiff was denied financial aide *because of* his race. Plaintiff's statement that he "identifies as Negro or African American and believes the impact was discriminatory along the line of race, color, or national origin" (FAC, ECF No. 7 at 9) is conclusory and insufficient to meet the *Iqbal-Twombly* pleading standard. Plaintiff must provide plausible factual grounds to explain *why he believes* that the California Maritime Academy is engaging in racial discrimination. *See Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 570.

Plaintiff's second cause of action alleges that "California Maritime Officials . . . acted in such a manner as to harass, demote and retaliate upon Plaintiff for complaining about the treatment he had thus far received as a student attending the university" in violation of 28 C.F.R. § 42.107(e).[2] (FAC,

---

[2] Plaintiff inadvertently cites 28 C.F.R. § 42.108(e), which does not exist.

ECF No. 7 at 10.) Assuming, without finding, that 28 C.F.R. § 42.107(e) applies in this case, Plaintiff alleges no facts that show anyone at the California Maritime Academy acted with "the *purpose* of interfering with any right or privilege secured by" Title VI. *See* 28 C.F.R. § 42.107(e) (emphasis added). Additionally, statements like "Professor Jackson, *being a resident [of] Virginia, the one firm state in the crown of the Confederacy*, grew hostile toward Plaintiff during the first semester . . ." do not provide any foundation to support Plaintiff's case. (*See* FAC, ECF No. 7 at 5 (emphasis added).) Plaintiff should refrain from broad editorializing in his complaint and instead focus on succinctly articulating the specific actions that he believes violated his rights.

### B. Plaintiff Fails to State a Claim for Breach of Contract

Plaintiff's third cause of action alleges that defendant "Dean Burns arbitrarily and capriciously suspended Plaintiff from the program" in violation of the terms of the contract which they both signed. (FAC, ECF No. 7 at 11, 30 (Ex. 9).)[3] In Plaintiff's words, "Dean Burns presented Plaintiff with a contract stating Plaintiff will make no grade less than an A in the remaining semesters of the program." (*Id.*) Plaintiff's next sentence continues: "Plaintiff performed to the standard of the contract obtaining A's and B's for the remaining semesters of the school term up to the last semester of the program . . . ." (*Id.*) A "B" is less than an "A" and therefore is by definition failing to make no grade less than an "A." By the Plaintiff's description, *he* would be the one who breached the contract by failing to earn a 4.0 for the rest of his time in the program.

Plaintiff's fourth cause of action alleges that the defendants breached the covenant of good faith and fair dealing "by voiding the contract and suspending Plaintiff from the university . . . ." (*Id.* at 12.) To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *See* Judicial Council of California Civil Jury

---

[3] The "contract" is a performance agreement in which the Plaintiff acknowledges and agrees to meet the academic standards required by the school in order to graduate. The court assumes that contract law would apply to this document.

ORDER DISMISSING 1ST AM. COMPL. 14-5020 LB        5

Instructions § 325 (2011); *see also Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007). As noted above, Plaintiff failed to fulfill his responsibilities under the performance agreement when he earned less than an "A" in his classes. He therefore fails to state a plausible claim for a breach of the covenant of good faith and fair dealing.

Additionally, Plaintiff alleges that the contract was unconscionable. (FAC, ECF No. 7 at 8-9.) He fails, however, to provide any facts explaining how the contract is unconscionable; instead, he paraphrases California Civil Code § 1670.5(a) and then makes the conclusory statement that the performance agreement was unconscionable. (*Id.*) To viably allege contractual unconscionability, Plaintiff would need to plead facts showing how specific terms of the contract are procedurally and substantively unconscionable. *E.g., Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). (The "prevailing view" in the law is that both a procedural and a substantive component must be present before a contract can be deemed unconscionable. (*Id.*)) Plaintiff must support both these claims with sufficient factual matter; this requires more than labels, conclusions, or recitation of the legal elements of a given claim. *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

The court also notes that, absent a viable federal claim, the plaintiff cannot bring a stand-alone state-law claim for breach of contract in federal court.

## CONCLUSION

The court acknowledges that the plaintiff put substantial effort into revising his complaint; the court appreciates that effort and the improved clarity of the First Amended Complaint. Based on the foregoing, however, the court dismisses without prejudice Plaintiff's First Amended Complaint. Plaintiff may file a second amended complaint no later than May 4, 2015. In it, Plaintiff must focus on stating specific and succinct facts that support his legal conclusions. If Plaintiff does not file a second amended complaint by April 10, 2015, the court directs the Clerk of the Court to close the file in this case.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
LAUREL BEELER
United States Magistrate Judge